# UNITED STATES DISTRICT COURT

for the
District of Colorado

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>**2650 Lawrence Court, Lafayette, CO 80026**, more fully described in Attachment A, attached hereto, to include all out-buildings and vehicles located thereon and to include the person of Matthew B. Goettsche at the time of the search warrant execution; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.   19-sw-6249-STV |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the <u>State and District of Colorado</u> *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before <u>December 20, 2019</u> *(not to exceed 14 days)*

☒ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>Scott T. Varholak</u>.
<em>(United States Magistrate Judge)</em>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*.     ☐ until, the facts justifying, the later specific date of _____.

*Special Agent Duh attested to this application over the telephone pursuant to Rule 4.1(b)(2)(A) of the Federal Rules of Criminal Procedure.*

Date and time issued:   <u>12/6/2019, 1:50 p.m.</u>     _____
<em>Judge's signature</em>

City and state:   <u>Denver, Colorado</u>     Scott T. Varholak, U.S. Magistrate Judge
<em>Printed name and title</em>

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

**DESCRIPTION OF LOCATION TO BE SEARCHED**

The Subject Premises is located at 2650 Lawrence Court, Lafayette, CO 80026.  The Subject Premises is more particularly identified as a two-story, single family residence at the end of a cul-de-sac. A long driveway curves around to the right on its approach to the home. At the entry to the driveway from the public road are stone wall structures. The stone structure on the left side of the driveway entry contains a mailbox. A large grass yard lies between the public road and the structure. On the right are two two-car garages; the main part of the residence is to the left of the garages.  A fountain with a large round stone sits in front of the leftmost garage. The entry door to the residence appears to be located to the left of the garage.  The location consists of the subject residence, surrounding property, and all outbuildings located thereon.  The place to be searched includes the person of Matthew B. Goettsche at the time of the search warrant execution.  Photographs of the subject premises are located below:





**ATTACHMENT B**

**DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED**

The following items, located within the residence at 2650 Lawrence Court, Lafayette, CO 80026 that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of 18 U.S.C. §§ 371, 1343, 1348, 1349, 1956, and 1957 and 15 U.S.C. §§ 77e, 78j(b), and 77x (hereinafter "Subject Offenses"), including the following:

1.  Records, communications, and other information relating to the following:

    a.  The establishment, operation, ownership, control, management, computer infrastructure, and/or any other aspect of a business entity known as or referred to as the BitClub Network, any similarly named entity or enterprise, or any other entity or enterprise involved in pooled cryptocurrency mining;

    b.  The establishment, operation, or use of any entity or law firm used to receive, handle, distribute, divert, and/or transfer funds related to or derived from the Subject Offenses or to purchase or transfer assets, real property or otherwise, using funds derived from the Subject Offenses.

    c.  The receipt, transfer, transmission, handling, distribution, diversion, exchange, mining, and/or use of any cryptocurrency, cash, or wire exchanges;

    d.  Any advertisement, solicitation, marketing, request, and/or invitation regarding any pooled investment and/or multi-level marketing entity or enterprise;

    e.  The locations of coconspirators, servers, accounts, online storage, hosting, equipment, mining centers, or other sources of information involving the Bitclub Network.

    f.  The BitClub Network, including, but not limited to, investments, potential investments, redemptions, accounts, accounting, shares, commissions, networking opportunities, meetings, contracts, and investor inquiries;

    g.  Bitmain, Bitfury, Genesis Mining, Cryptowatt, Dan Burrell, Kevin Washington, Keri Vanvalkenburgh, and any other entity or person involved in bitcoin mining, bitcoin equipment, or the leasing of space for bitcoin mining;

    h.  The use, receipt, handling, distribution, diversion, and/or transfer of funds related to or derived from the Subject Offenses;

    i.  The use, opening, and/or closing of bitcoin exchanges, tumblers, bank accounts and cryptocurrency wallets and accounts, and any deposits, withdrawals, wire transfers, exchanges, and any other transactions involving such bank accounts or wallets, that were used to further the commission of the Subject Offenses;

1

j.   Goettsche's travel and/or travel of any of his coconspirators, including travel by way of private aircraft; and

2.  Bank statements, bank checks, cash receipts, money transfer records and receipts, money remittance instructions, customer information and records, sales records, ledgers showing cash and checks received, contracts, fax records, correspondence, including but not limited to correspondence with others regarding the transmission of money, printed emails, letters, faxes, and telephone logs or messages, for both domestic and foreign bank accounts and exchanges including, but not limited to, Commerzbank, OSL, Bank of Nevis, Banco De Costa Rica, Atlantic Bank Ltd., Bitfinex, RBC Capital Markets, Binary Trading, Binary FZE, Trilix PTE, Lantau Peak Trading, and Sackville Bank and Trust;

3.  Records and communications relating to real property holdings, including but not limited to Hatchet Caye Island and Hatchet Caye Resort, Casa Colonial in Costa Rica, and any property in St. Kitts;

4.  Address and/or telephone books, Rolodex indices, invoices, communications, and any papers or records reflecting names, addresses, email addresses, telephone numbers, pager numbers, facsimile numbers and/or telex numbers of co-conspirators, financial institutions, and other individuals or businesses with whom a business or financial relationship exists;

5.  Books, records, invoices, receipts, records of real estate transactions, bank statements and related records, passbooks, money drafts, letters of credit, money orders, bank drafts, cashier's checks, bank checks, safe deposit box keys, money wrappers, and other items evidencing the obtaining, secreting, transfer, and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money;

6.  United States currency in amounts exceeding $1,000;

7.  Proceeds and property related to the Subject Offenses, including any and all cryptocurrency, to include the following:

a.   any and all representations of cryptocurrency public keys or addresses, whether in electronic or physical format;

b.   any and all representations of cryptocurrency private keys, whether in electronic or physical format;

c.   any and all representations of cryptocurrency wallets or their constitutive parts, whether in electronic or physical format, to include "recovery seeds" or "root keys" which may be used to regenerate a wallet;

d.   The United States is authorized to seize any and all cryptocurrency by transferring the full account balance in each wallet to a public cryptocurrency address controlled by the United States;

2

8. Cellular telephones (including searching the memory thereof) and used to generate, transfer, count, record and/or store the information and evidence described in this Attachment;

9. Photographs, records, and documents, including still photographs, negatives, video tapes, films, undeveloped film and the contents therein, slides, and any video, recording or photographic equipment containing the aforementioned items, containing information regarding the identities of coconspirators or those involved in the Subject Offenses;

10. Indicia of occupancy, residency, ownership and/or use of the subject premises, including but not limited to, utility and telephone bills; canceled envelopes; rental, purchase or lease agreements; and keys;

11. Reports, records or any other document or item relating or referring to official or unofficial law enforcement activities and investigations;

12. Articles of Incorporation, corporate resolutions, corporate minute books, corporate stock books, corporate stock certificates, corporate state charters, records of corporate franchise taxes paid, corporate financial statements, profit and loss statements, balance sheets, and statements of cash flow;

13. General journals, cash receipt journals, cash disbursement journals, sales journals and computer printout sheets;

14. General ledgers and subsidiary ledgers including notes receivables, accounts receivables, accounts payable, notes payable, adjusting journals and closing ledgers;

15. Receipts and invoices for all expenditures;

16. All Federal income tax returns, Forms 1040, W-2, 1099, 1120, 940, 941, K-1 , or copies of same and supporting work papers, summary sheets, and analyses used in the preparation of the tax returns;

17. All personal financial statements, contact bids, proposals, closing statements, warranty deeds of trust, release deeds, or other documentation supporting conveyances and/or ownership of properties, and vehicle registration and titles;

18. Safes, key-lock strong boxes, suitcases, locked cabinets, and other types of locked or closed containers used to secrete and store currency, books, records, documents, financial instruments, and other items of the sort described above.  Law enforcement officers executing this Warrant are specifically authorized to open any such locked safes or containers including, where necessary, by using force;

19. Computer(s), digital storage media, or digital storage devices, any physical object upon which computer data can be recorded, computer hardware, computer software, servers, computer related documentation, computer passwords and data security devices, gaming devices, tablets, flash drives, volatile data, digital communications devices, cellular

3

telephones, cameras, videotapes, video recording devices, video recording players, and video display monitors, digital input and output devices such as keyboards, mouse(s), scanners, printers, monitors, electronic media and network equipment, modems, routers, connection and power cords, and external or connected devices used for accessing computer storage media that was used to commit or facilitate commissions of the Subject Offenses.

20. For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, COMPUTER) that is called for by this warrant, or that might contain items otherwise called for by this warrant relating to the Subject Offenses:

   a. evidence of who used, owned, or controlled the COMPUTER at the time the items described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, user profiles, e-mail, e-mail contacts, "chat" or instant messaging logs, photographs, and correspondence;

   b. evidence of software that may allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the lack of such malicious software;

   d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

   e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

   f. evidence of how and when the COMPUTER was used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

   g. records of or information about Internet Protocol addresses used by the COMPUTER;

   h. information about usernames or any online accounts or email addresses;

   i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

   j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

   k. contextual information necessary to understand the evidence described in this attachment;

4

l.  volatile data necessary to preserve evidence prior to powering-off and unplugging a running computer;

m.  any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the Subject Offenses;

n.  items otherwise described above in paragraphs 1(a-h) of this Attachment B.

Executing law enforcement personnel are authorized to depress the fingerprints and/or thumbprints of Matthew B. Goettsche onto the Touch ID or fingerprint sensor of any Apple iPhone, iPad, or other Apple brand device, or other device that has a fingerprint sensor, in order to gain access to the contents of any such device.  Law enforcement personnel may also hold the device(s) found at the Subject Premises in front of the face of Goettsche to activate the facial recognition feature; and/or (3) hold the device(s) found at the Subject Premises in front of the face of Goettsche to activate the iris recognition feature, for the purpose of unlocking the device(s) in order to search the contents as authorized by this warrant.

DEFINITIONS:

21. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

22. As used above, the terms "computers" or "digital storage media" or "digital storage devices" may be used interchangeably, and are intended to include any physical object upon which computer data can be recorded as well as all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices capable of performing logical, arithmetic, or storage functions, including desktop and laptop computers, mobile phones, tablets, server computers, game consoles, network hardware, hard disk drives, RAM, floppy disks, flash memory, CDs, DVDs, and other magnetic or optical storage media.